JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-05903-SSS-DTBx | Date | October 10, 2024 |
| Title | Jose Licea v. Kontoor Brands, Inc. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 20]**

This putative class action arises from allegations that Defendant Kontoor Brands, Inc. allows a third-party website to wiretap and eavesdrop on conversations using a website chat feature on Kontoor's website. Plaintiff Jose Licea alleges this Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). [Dkt. 1, Compl. ¶ 1]. Relevant here, Licea alleges he believes there "to be at least 10,000 class members, each entitled to $5,000 in statutory damages, thus making the amount in controversy at least $50,000,000 exclusive of interests and costs." [*Id.*].

After reviewing the Complaint, this Court ordered Licea to show cause why this action should not be dismissed for lack of subject matter jurisdiction. [Dkt. 20]. Both parties submitted their responses. [Dkt. 21, 22]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, this case is **DISMISSED** for lack of subject matter jurisdiction.

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). CAFA confers district courts original jurisdiction over class actions that have, among other things, an

amount in controversy that exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). CAFA does not alter the longstanding principle that the party asserting federal jurisdiction bears the burden of showing jurisdiction exists. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). The allegations in the Class Action Complaint must be accepted as true unless contested by the Court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019). If the Court challenges the plausibility of these allegations, the party asserting jurisdiction must offer evidence—i.e., declarations, affidavits, or other summary-judgment type evidence—to show that the amount in controversy has been met. *See Dart Cherokee*, 574 U.S. at 88 (placing evidentiary burden on defendant in removal case); *Byars v. Hot Topic, Inc.*, EDCV 22-1652 JGB (KKx), 2023 WL 2026994, at *5-7 (C.D. Cal. Feb. 14, 2023) (placing evidentiary burden on plaintiff in case originally filed in federal court).

Here, Licea has not carried his burden of showing subject matter jurisdiction exists under CAFA. While the assumptions made within Licea's response are misguided, the Court focuses on one flawed assumption: the number of putative class members. Licea argues the following:

> According to the website similarweb.com, the Website is the 4,721st most trafficked website in the United States. *Id.* ¶ 5. According to a certain website traffic checker online tool, the Website received 2.7 million visitors worldwide in September 2023 alone. (Ferrell Decl. ¶ 6.) During July 2023 and August 2023, the Website received 2.5 million visitors worldwide for each of these two months. *Id.* Such tool indicates that the United States accounts for 70.41 percent of worldwide visits to the Website. *Id.* As such, if one applies the 2.5 million worldwide visitors per month calculation, which is the lowest volume of website traffic in the past three months, this means that 1,760,250 Americans used the Website on a monthly basis. Assuming that the volume of 1,760,250 monthly American visitors occurred over 24 months, that is the equivalent of 42,246,000 American visitors to the Website during the 24-month class period before the action was filed.
>
> According to various websites that specialize in reporting live chat statistics for commercial websites in general, the range of website visitors who use a live chat feature on a website ranges between 15 percent as the highest estimate and 1.4 percent as a lowest estimate. (Ferrell Decl. ¶¶ 7-9 & Exs. 2-4.) Applying the lowest estimate, 1.4

percent, to the 42,246,000 American visitors figure, approximately 591,444 chat conversations occurred amongst American visitors to the Website over 24 months before the case was filed. *Id.* This Court should take judicial notice that Californians represent about 12 percent of the total U.S. population. (*See* RJN Exs. 1-2.)

Notably, Californians spend slightly more time on average on the Internet than residents of other states according to a survey. *See* https://www.inforum.com/business/survey-reveals-which-states-spend-most-least-timeonline? auth0Authentication=true (last visited Sept. 15, 2023). Thus, out of the 591,444 chat conversations that occurred amongst American visitors on the Website over 24 months before the case was filed, approximately 70,973 were chat conversations with California putative class members.

[Dkt. 21, Pl.'s Resp. to Order to Show Cause at 2–3].

Licea's argument is unpersuasive for several reasons, two of which are fatal. *First,* Licea fails to explain why "similarweb" is a reliable source for monitoring Kontoor's internet traffic. *Second*, and more importantly, Licea wrongfully presumes that the number of *chat conversations* in California is equal to the number of California *putative class members*. There is no evidence, however, in the record to support a reasonable assumption that the number of chat conversations is equally correlated with the number of California putative class members. Without more information, the Court cannot conclude that the putative class is comprised of 100 or more members.

For the above reasons, because Licea has failed to carry his burden of showing subject matter jurisdiction exists, this case is **DISMISSED**.

**IT IS SO ORDERED.**